**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THEODORE CLEVELAND (00195128), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cv-3991 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ) | |
| JUDGE R D RUSSO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff's amended complaint [16] is dismissed pursuant to 28 U.S.C. § 1915A, although without prejudice to Plaintiff pursuing state-law remedies in an appropriate forum or a writ of habeas corpus at an appropriate time. Because Plaintiff's complaint does not state a claim upon which this Court may grant relief and his claims are legally frivolous, this dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). This case is terminated.

**STATEMENT**

Plaintiff Theodore Cleveland, an inmate at the DuPage County Jail, brought this *pro se* civil lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his due process rights in connection with previous and ongoing criminal proceedings. Before the Court is Plaintiff's second amended complaint [16] for screening pursuant to 28 U.S.C. § 1915A. [See 15.]

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See *Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. See *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. See *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. See *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). A plaintiff may, however, plead himself out of court by alleging facts that defeat his claim. *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Nor are courts "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papason v. Allain*, 478 U.S. 265, 286 (1986)).

In his amended complaint (including the attachment), Plaintiff alleges that he was arrested twice, on July 30, 2015, and on February 2, 2017, on criminal complaints. As Illinois law permits, see 725 ILCS 5/106D-1, Plaintiff appeared for his bond hearings in related criminal proceedings via two-way video, which, in each instance, began without him. [16 at 5.] The criminal court "without his knowledge," had assigned public defenders to represent him, did not admonish him as to the effect of waiving a preliminary hearing, and kept incomplete records of the proceedings. [*Id*. at 3, 5, 9–10.] The public defenders assigned for the hearings, whose names Plaintiff has been unable to discover, outside Plaintiff's presence, and without attempting to consult with him, waived a preliminary hearing. [*Id*. at 3, 5, 9–10.] Contrary to Illinois law, see 725 ILCS 5/106D-1(b), "to [Plaintiff's] detriment, if [he] was aware of having counsel, which [he] was not, the Jail facility where [his] closed circuit television appearance[s] transpired, there was not and is not a secure line to communicate with appointed counsel." [16 at 5.] Within thirty days of his arrests, Plaintiff was indicted. See 725 ILCS 5/109-3.1(b); [16 at 3, 5, 6].

Plaintiff claims that the court, the public defenders, prosecutors, and jail are responsible for the foregoing. [16 at 9–10.] He names as Defendants "Head States Attorney" Robert Berlin, "Head Public Defender" Jeffrey York, "Will County States Attorney (Head)" James Glasgow, and Joseph McMahon, for whom no title is provided. [*Id*. at 1–2.] He seeks: (1) prosecution of the "official misconduct"; (2) to challenge the constitutionality of 725 ILCS 5/109-3.1(b), which provides that persons in custody on felony charges "shall receive either a preliminary examination as provided in Section 109-3 or an indictment by Grand Jury * * *, within 30 days from the date he or she was taken into custody"; (3) to investigate the delay and "judicial circumvention" of his probable cause determinations, as well as potential collusion between the assistant states attorneys and the public defenders; (4) "[a] dismissal with prejudice of the prosecutorial and judicial misconduct that demonstrated a blatant disregard for defendant[']s due process and equal protection"; and (5) an order requiring compliance with the law. [*Id*. at 4, 10–11.]

The Court discerns no cognizable federal claim from the foregoing allegations as to any named or intended Defendant. As to Plaintiff's facial challenge to 725 ILCS 5/109-3.1(b), he suggests in his second amended complaint [see 16 at 6–7] that allowing thirty days between an arrest and either a preliminary hearing or indictment is contrary to federal law that "requires a 'prompt judicial determination of probable cause'" following a warrantless custodial arrest. See *Kyle v. Patterson*, 196 F.3d 695, 696 (7th Cir. 1999) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)); see also *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991)). Plaintiff is incorrect.

2

The "preliminary hearing" referenced in Section 5/109-3.1(b) "is to determine if there is a reason to hold the accused over for trial, not whether there was probable cause to arrest and detain as required by *Gerstein*." *Lewis v. Dart*, 2010 WL 2990101, at *3 (N.D. Ill. July 22, 2010) (holding that challenge to Section 5/109-3.1(b) failed to state claim on which relief can be granted). Accordingly, there is no inherent conflict between the statute and federal law to warrant a facial challenge to the Illinois statute.

Nor do Plaintiff's allegations suggest any other violation of his federally protected rights. Merely appointing counsel without Plaintiff's prior knowledge does not on its own violate his rights. Similarly, the Constitution does not require that the *Gerstein* hearing be adversarial or that an arrestee be present for that hearing. *Garcia v. City of Chi.*, 24 F.3d 966, 969–70 (7th Cir. 1994) (citing *Gerstein*, 420 U.S. at 120); *Jones v. City of Santa Monica*, 382 F.3d 1052, 1055–56 (9th Cir. 2004) ("Just as probable cause for an arrest warrant may be determined without an appearance by the suspect, so may probable cause for detention after a warrantless arrest.") (citation omitted). Even so, Plaintiff was present, through counsel, who Plaintiff insists waived any further hearing on his behalf.[1] Nor were Plaintiff's rights violated by the jail's alleged failure to provide him with a private and secure line through which to communicate with his attorney during the court proceeding; such a claim requires that Plaintiff show he was harmed by the failure. See *Jackson v. Brazail-Sawyer*, 2017 WL 3437327, at *4 (S.D. Ill. Aug. 10, 2017) ("As with all claims involving the right of access to the courts, a claim of interference with a prisoner's communications with his lawyer cannot proceed absent a showing of hindrance," as to the inmate's ability to pursue a non-frivolous "challenge to a conviction, sentence, or prison conditions") (citing *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805–06 (7th Cir. 2010) and *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009)). Because Plaintiff specifically alleges that he was unaware he had counsel and that counsel made no effort to communicate with him, he cannot have been harmed by the unavailability of a line that would have facilitated such communications. Finally, even if a failure to provide a secure line for him to communicate with counsel during a hearing violates Illinois law, such a violation alone does not establish a claim on which he may proceed in this Court. See, e.g., *White v. Olig,* 56 F.3d 817, 821 (7th Cir. 1995) (holding that "failure to follow procedures mandated by state but not federal law * * * can only establish a state law violation" and "are not remediable under Section 1983").

Even had Plaintiff's allegations implicated rights protected under federal law, none of the intended or actually named[2] Defendants are proper, also rendering Plaintiff's intended claims frivolous. To state a colorable Section 1983 civil rights claim, a plaintiff must allege that the

---

[1] Plaintiff, moreover, was indicted, and remains incarcerated at least as to the more recent charges; this would almost certainly limit any potential recovery to, at best, nominal damages, even if Plaintiff had shown a potential violation of his rights under *Gerstein*. *Bridewell v. Eberle*, 730 F.3d 672, 676 (7th Cir. 2013) (discussing limitations on claims related to *Gerstein* where probable cause is found and plaintiff remains incarcerated following that determination); see *also Moore v. Liszewski*, 838 F.3d 877, 878 (7th Cir. 2016) (noting that nominal damages "rarely exceed $2 and more commonly are * * * only $1").

[2] Plaintiff did not name DuPage County Jail or "the court" (which appears to refer to the state court judge or judges presiding over Plaintiff's criminal cases) in the caption of his complaint, but he insists that both are responsible for violating his rights. [16 at 9–10.] The Court therefore assumes here that Plaintiff intended to sue them.

defendant deprived him of a right secured by the Constitution or federal law while acting under color of state law. See, e.g., *Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016). Public defenders, even if employed by the state, "do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, because they are not state actors, neither the public defender who allegedly acted against Plaintiff's best interests, nor his or her supervisors, would be subject to suit under Section 1983.

The remaining named or intended Defendants are (1) "the jail"; (2) "the court"; and (3) state prosecutor(s) (including supervisors). DuPage County Jail is not an entity subject to suit under § 1983. See *Ferguson v. Cook Cty. Jail*, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) (explaining that county jail was not a "suable entity"). The judges and prosecutors are immune from damages lawsuits related to their litigation or judicial actions.[3] See *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are immune from suits for damages arising from prosecutorial actions that are "intimately associated with the judicial phase of the criminal process."); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (collecting cases and explaining that "absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence") (internal quotation marks omitted); *Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004) ("Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions"); see also *Dawson v. Newman,* 419 F.3d 656, 661 (7th Cir. 2005) (similar). Absent a federal claim, no injunctive or declaratory relief would be available as to these parties. Accord 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable.").

Finally, the Court also notes (although emphasizing the lack of federal claim that might warrant relief) that to the extent that Plaintiff seeks "dismissal" of any pending state court criminal case or charge, *Younger v. Harris*, 401 U.S. 37 (1971), and principles of comity require federal courts to abstain from exercising jurisdiction over federal constitutional claims if doing so may interfere with ongoing state proceedings. See *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004) (explaining that, generally, "if a person is believed to have violated a state law, the state has instituted a criminal * * * proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding"); *Yarls v. Bunton*, 231 F. Supp. 3d 128, 133–34 (M.D. La. 2017) (holding that plaintiffs' invitation to consider adequacy of representation provided by public defenders in individual state court cases would be impermissible "ongoing audit of state criminal proceedings") (citing *Gardner v. Luckey*, 500 F.2d 712, 715 (5th Cir. 1974)).

Accordingly, as presented, Plaintiff's complaint does not state a claim upon which this Court may grant relief and his claims are legally frivolous. This is not to say that Plaintiff may not have other avenues of relief before a proper tribunal for any violations of Illinois law or procedures in his criminal proceedings; this Court is not a proper tribunal, as explained above. The Court has considered (also having reviewed the other two complaints submitted to date)

---

[3] Although Plaintiff does not overtly seek monetary damages from the named Defendants, for the sake of completeness, the Court assumes that Plaintiff might have sought leave to amend to do so.

4

whether amendment is feasible, see *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015), but, given the specificity of Plaintiff's allegations regarding the underlying events which demonstrate that Plaintiff is not entitled to relief, amendment appears futile. Accordingly, Plaintiff's complaint is dismissed with prejudice for failure to state a colorable federal claim. See *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) ("[I]f a plaintiff fails to properly allege a claim for relief brought under a federal statute, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6)[.]"). The dismissal of this case counts as a dismissal under 28 U.S.C. § 1915(g). Final judgment as to this case will be entered.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. See *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); see also 28 U.S.C. § 1915(b)(1). Should Plaintiff wish to proceed *in forma pauperis* on appeal so that he may pay the appellate filing fee in installments, he must file a motion seeking leave to do so in this Court. See Fed. R. App. P. 24(a)(1). His motion must include his intended grounds for appeal. If the appeal is found to be non-meritorious, Plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. See Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. See Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).

Dated: November 8, 2017

_____
Robert M. Dow, Jr.
United States District Court Judge